IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

STEPHAN BEKALE,

    Petitioner,

vs.                              CIVIL ACTION NO.: CV512-107

UNITED STATES OF AMERICA,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Stephen Bekale ("Bekale"), who is presently housed at the D. Ray James Correctional Facility in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response.[1] For the reasons which follow, Bekale's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Bekale was convicted in the Eastern District of Virginia of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349. (Doc. No. 7-1, p. 2). Bekale was sentenced to 30 months' imprisonment. (Id.). Bekale has a projected release date of June 7, 2013. (Id.).

Bekale contends that the detainer the Bureau of Immigration and Customs Enforcement ("ICE") placed on him will cause him to serve more time. Bekale contends that this detainer is improper because he is the adoptive son of two (2) United States-

---

[1] Bekale names the United States of America as the Respondent in this case. However, the only proper respondent in a section 2241 proceeding is the warden at the institution in which a petitioner is housed. 28 U.S.C. § 2242; Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).

born citizens. Bekale requests that the Court direct ICE Agent James McGill to interview him as soon as possible so that this matter can be resolved.

Respondent avers that Bekale is not entitled to the relief he seeks because the Court lacks jurisdiction to review these claims. Respondent asserts that Bekale is not in the custody of ICE and thus, Bekale cannot bring this section 2241 petition.

## DISCUSSION AND CITATION TO AUTHORITY

The Eleventh Circuit has held that the filing of a detainer, standing alone, does not cause a prisoner to come within the custody of the Department of Homeland Security ("DHS") or ICE. Orozco v. United States INS, 911 F.2d 539, 541 (11th Cir. 1990); Oguejiofor v. Attorney General of United States, 277 F.3d 1305, 1308 n.2 (11th Cir. 2002). This position is in accord with the majority of Courts of Appeals. See e.g., Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 539 (5th Cir. 2003); Garcia v. Taylor, 40 F.3d 299, 303-04 (9th Cir. 1994); Santana v. Chandler, 961 F.2d 514, 516 (5th Cir. 1992); Prieto v. Gulch, 913 F.2d 1159, 1162 (6th Cir. 1990); Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989). "The underlying rationale of these courts is that a detainer, as distinguished from other [ICE] orders, does not put a 'hold' on" the individual. Ryan v. Dep't of Homeland Sec., No. 3:09cv399/LAC/MD, 2010 WL 1433166, at *1 (N.D. Fla. Mar. 8, 2010); accord Galaviz-Medina v. Wooten, 27 F.3d 487 (10th Cir. 1994) (noting that, when no detainer is lodged, § 2241 does not confer jurisdiction). Generally, a detainer is viewed as "an informal process advising prison officials that a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release." Id. (internal citation omitted). "In the immigration context, a detainer usually serves only as a notice to prison authorities that . . . ICE is

2

going to be making a decision about the deportability of the alien in the future." Id. (citing Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988)). "The reasoning follows that the detainer does not serve to establish conclusively either present or future restraints on the prisoner's liberty." Id. "Because there is no actual claim to the individual following the completion of his criminal sentence, there is no custody." Id.

The undersigned concludes that Bekale is not "in custody" of ICE for purposes of 28 U.S.C. § 2241 simply because ICE has lodged a detainer against him. Bekale does not contend that ICE served him with an order to show cause or that there is some other reason he should be considered to be in the custody of ICE. Because Bekale is not "in custody" of ICE, this court lacks subject matter jurisdiction under 28 U.S.C. § 2241 to address his claims.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Bekale's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 14th day of December, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)